**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, as subrogee of AFFINIUS CAPITAL LLC,<br>2000 Westwood Drive<br>Wausau, WI 54401<br><br>Plaintiff,<br>v.<br><br>J.F. SOBIESKI MECHANICAL CONTRACTORS, INC.,<br>1325 Old Cooch's Bridge Road<br>Newark, Delaware 19713<br><br>Defendant | : | CIVIL ACTION<br><br>No.: _______<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the above-named Plaintiff, Employers Insurance Company of Wausau, as subrogee of Affinius Capital LLC, by and through undersigned counsel, and for its Complaint sets forth its causes of action against the above-named Defendants, and alleges and shows to the Court as follows:

## PARTIES

1. Plaintiff Employers Insurance Company of Wausau ("Employers") as subrogee of Affinius Capital, LLC is incorporated in Wisconsin and maintains its principal place of business in Massachusetts.

2. Affinius Capital LLC ("Affinius") is a Delaware limited liability company, which at all times relevant owned property located at 400 West Elm Street, Conshohocken, Pennsylvania.

3. Defendant J.F. Sobieski Mechanical Contractors, Inc. ("Sobieski") is, based on information and belief, a Delaware corporation with a principal place of business at 1325 Old Cooch's Bridge Road, Newark, Delaware 19713.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), because Employers and Sobieski are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(2), because the acts, omissions, and property damage at issue occurred at the Property at 400 West Elm Street, Conshohocken, Pennsylvania.

## STATEMENT OF FACTS

6. Employers issued Premier Property Protector Policy No. YAC-L9L-XXXXXX-XXX (the "Policy"), effective May 31, 2024 to May 31, 2025, to Affinius.

7. The Policy includes Affinius Capital LLC, subsidiaries, and specified controlled partnerships, joint ventures, and other insured interests.

8. The Policy schedules 400 West Elm Street, Conshohocken, Montgomery County, Pennsylvania (the "Property") as a covered location.

9. On or about December 10, 2024, a slow water leak at the Property was discovered.

10. Sobieski was retained to stop the leak.

11. Sobieski performed mechanical and plumbing work at the Property, including work on pressurized piping and pipe-and-socket connections.

12. Immediately following Sobieski's work, approximately 45 minutes after pressurizing the water line on December 10, 2024, water escaped from the plumbing connection Sobieski completed at the Property, causing extensive physical damage and necessitating water mitigation, drying, repair, and restoration.

13. Investigation showed that Sobieski's work was defective in several ways, i*nter alia*:

a. an out-of-square pipe cut;
b. insufficient cement;
c. an uneven external cement bead;
d. no bevel on the inserted pipe;
e. no rotation of the pipe following insertion; and,
f. insertion ending approximately one-quarter inch short of the socket bottom.

14. All of the above-described defective work by Sobieski caused or allowed the subject pipe connection to fail in a catastrophic manner, resulting in extensive damage to the Property.

15. Pursuant to the terms of the Policy, Affinius submitted a claim to Employers.

16. Pursuant to the terms of the policy, Employers paid amounts for water mitigation, repair, restoration, and related insured losses.

17. All payments made by Employers were due to the negligent actions of Sobieski.

18. Pursuant to the terms of the policy, and applicable law, Employers is subrogated to the rights of its insured up to and including all payments made under the policy.

## COUNT I — NEGLIGENCE

19. Plaintiff Employers Insurance Company of Wausau ("Employers") as subrogee of Affinius Capital, LLC hereby incorporates paragraphs one through eighteen (1-18) as thought stated at length herein.

20. In performing plumbing installation, repair, testing, and pressurization at the Property, Sobieski owed a duty to exercise reasonable care to prevent foreseeable physical damage at the Property.

21. Sobieski breached that duty by one or more acts or omissions, including:

a. failing to install a properly prepared pipe-and-socket joint;
b. failing to fully seat the pipe-and-socket joint;
c. applying cement improperly;
d. applying cement in insufficient quantity;
e. failing to follow applicable manufacturer installation and cure requirements;
f. failing to inspect or test the connection with reasonable care before placing it into service;
g. an out-of-square pipe cut;
h. insufficient cement;
i. an uneven external cement bead;
j. no bevel on the inserted pipe;
k. no rotation of the pipe following insertion; and/or
l. insertion ending approximately one-quarter inch short of the socket bottom.

22. Sobieski's negligent acts or omissions directly and proximately caused damage to the Property.

23. Pursuant to the terms of the Policy, Affinius submitted a claim to Employers.

24. Pursuant to the terms of the policy, Employers paid amounts for water mitigation, repair, restoration, and related insured losses.

25. Pursuant to the terms of the policy, and applicable law, Employers is subrogated to the rights of its insured up to and including all payments made under the policy.

WHEREFORE, Plaintiff requests judgment in its favor against Defendant J.F. Sobieski Mechanical Contractors, Inc., of its proven paid subrogation loss in the amount of $4,178,731.16, together with recoverable interest, taxable costs, and any other relief allowed by law.

Dated: November 11, 2026
New York, New York

Respectfully submitted,

DERREVERE STEVENS BLACK & COZAD

By: Joseph C. Bevis, Esq.
270 Madison Avenue, Suite 1403
New York, NY 10016
Telephone: (212) 671-8313
Facsimile: (561) 640-3050
jcb@derreverelaw.com

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable under Fed. R. Civ. P. 38.

Respectfully submitted,

Joseph C. Bevis, Esq.
Derrevere Stevens Black & Cozad
Counsel for Plaintiff